UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

DAWN McCLELLAND,

       Plaintiff,

v.                           **MEMORANDUM OF LAW & ORDER**
                                Civil File No. 08-4945 (MJD/AJB)

LIFE INSURANCE COMPANY OF NORTH
AMERICA,

       Defendant.
_____

Bryan R. Feldaus, Phillip A. Cole, and Ronald L. Haskvitz, Lommen, Abdo, Cole, King & Stageberg, PA, and Daniel M. Homolka, Daniel M. Homolka, PA, Counsel for Plaintiff.

Daniel K. Ryan, Mark T. Berhow, Peter L. Crema, Jr., Shushanie E. Kindseth, and Thomas P. Kane, Hinshaw & Culbertson LLP, Counsel for Defendant.
_____

## I.    INTRODUCTION

     This matter comes before the Court on Plaintiff's Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. § 1132(g)(1) [Docket No. 92] and Plaintiff's Motion to Strike Defendant LINA's Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees and Costs [Docket No. 104].

1

## II. BACKGROUND

The underlying facts of this case are set forth in detail in this Court's September 30, 2010 Order granting Plaintiff's Motion for Summary Judgment. [Docket No. 90] The Court will briefly recount the basic facts here.

Plaintiff Dawn McClelland is the sole beneficiary of an accidental death benefit provided through an ERISA Plan issued by Defendant Life Insurance Company of North America ("LINA") and covering Plaintiff's husband, Anthony McClelland. Anthony McClelland died after he crashed his motorcycle while unsuccessfully attempting to navigate a curve. At the time of the crash, Anthony McClelland had a blood alcohol concentration of 0.203%. LINA denied Plaintiff's claim for death benefits on the grounds that her husband's death was not a "Covered Accident" because it was "foreseeable" and because his death fell under the policy's "self-inflicted Injury" exclusion.

On October 29, 2009, this Court issued an Order ruling on the parties' cross motions for summary judgment. The Court held that Dawn McClelland was the sole beneficiary under the Plan and that the self-inflicted injury exclusion did not apply. It further held LINA had employed an unreasonable definition of the term "accident" when it denied the claim. The Court remanded Plaintiff's claim

for benefits to LINA for reconsideration under the correct definition of the term "accident." The Court directed LINA to "make an individualized determination of whether Mr. McClelland's death resulted from an accident, as defined by Wickman," and warned that "LINA cannot employ a per se rule regarding drunk driving, but must make a determination regarding this particular case." (Oct. 29, 2009 Order at 27.)

On remand, Plaintiff supplemented the Administrative Record regarding the fatalities associated with driving while intoxicated and affidavits regarding Anthony McClelland's behavior the morning of his death. LINA also conducted additional investigation. Both parties submitted new expert reports. On January 27, 2010, LINA issued its decision that the death was not a covered accident under Wickman and denied the claim.

On September 30, 2010, this Court again addressed cross motions for summary judgment and granted Plaintiff's motion, awarding her full benefits. The Court held that LINA failed to follow the Court's previous Order and, again, employed a per se exclusion for deaths resulting from driving while intoxicated. The Court noted that LINA ignored the "overwhelming evidence that subjectively, McClelland intended to ride his motorcycle to visit friends and then

3

return safely home to do yard work." (Sept. 30, 2010 Order at 23.) LINA ignored the undisputed fact that Anthony McClelland was an experienced drinker who was behaving normally up until one half hour before his accident. LINA ignored Plaintiff's statistics showing that death or serious injury is not highly likely to result from operating a motorcycle while intoxicated. It ignored evidence that survival is a overwhelmingly likely result of operating a motorcycle while intoxicated, and death is a statistically unlikely event. The Court reiterated the importance of enforcing the layperson's commonsense view of "accident" and fulfilling the purpose of accident insurance. The Court concluded that LINA abused its discretion by denying Plaintiff's claim.

Plaintiff now seeks attorney's fees and costs totaling $156,807.55. She further seeks prejudgment interest of $26,513.91.

### III. MOTION TO STRIKE

Plaintiff moves to strike LINA's opposition memorandum on the grounds that it was untimely under the schedule set forth in the Local Rules. Given Defendant's sincere and reasonable effort to determine and comply with the Court's desired briefing schedule, the Court denies Plaintiff's motion to strike.

### IV. MOTION FOR ATTORNEY'S FEES

## A. Standard for Attorneys Fees Award under ERISA

ERISA provides: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The decision to award attorneys fees is discretionary and there is no presumption in favor of awarding fees to the prevailing plaintiff. Martin v. Arkansas Blue Cross & Blue Shield, 299 F.3d 966, 969, 972 (8th Cir. 2002) (en banc). In deciding whether to award attorneys fees, the Court considers:

> (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Id. at 969 n.4 (citation omitted). However, these five factors "are by no means exclusive or to be mechanically applied." Id. at 972.

The Court keeps in mind that

> ERISA is remedial legislation which should be liberally construed to effectuate Congressional intent to protect employee participants in employee benefit plans. A district court considering a motion for attorney's fees under ERISA should therefore apply its discretion

consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts.

Starr v. Metro Sys., Inc., 461 F.3d 1036, 1040 (8th Cir. 2006) (citation omitted).

**B.     Merits of Plaintiff's Request for Attorney's Fees and Costs**

After consideration of the five Westerhaus factors, the Court concludes that Plaintiff is entitled to an award of attorney's fees.

First, the Court considers the bad faith factor. The Court concluded that LINA did not act in bad faith in its initial denial of Plaintiff's claim. The Court makes no bad faith finding now. "However, the absence of bad faith is not dispositive." Starr, 461 F.3d at 1041. The Court does note that, on remand, LINA persisted in applying a per se denial of claims based on driving-while-intoxicated deaths in the face of this Court's clear October 29, 2009 Order to the contrary.

Second, LINA has the ability to easily pay Plaintiff's attorney fees. (See Defendant's Memorandum in Support of Motion to Stay Execution of Judgment Pending Appeal at 3 [Docket No. 97] (arguing that LINA can satisfy a $250,000 judgment because it has strong financial ratings and is part of a larger corporate group with a net worth of more than $5 billion).)

Third, the Court concludes that an award of fees will help deter LINA from

violating ERISA in the future.  This deterrence is necessary as LINA persisted in applying an incorrect per se rule even after it received this Court's clear guidance in its remand order.  Additionally, LINA's application of a per se rule that accidental deaths caused by driving while intoxicated was not an isolated incident.  See Danouvong ex rel. Estate of Danouvong v. Life Ins. Co. of N. Am., 659 F. Supp. 2d 318 (D. Conn. 2009).

Fourth, the Court concludes that Plaintiff's action benefitted all participants and beneficiaries of the Plan.  As the Court has noted, LINA's incorrect application of the term "accident" to deaths resulting from driving while intoxicated was not an isolated incident in this case.  LINA argues that this Court required an individualized determination in each case, so there will be no across-the-board awarding of benefits as a result of this litigation, as in a class action.  LINA's argument misses the mark.  As the Court noted in its October 29, 2009 Order, LINA's original interpretation of the Plan ran contrary to the goals of accident insurance and misled Plan participants.  As a result of Plaintiff's lawsuit, beneficiaries will receive an individualized assessment of their claims under the correct legal standard, rather than an arbitrary per se denial of worthy claims based on the involvement of alcohol in the accident.  This is a significant benefit

7

to all beneficiaries. It is also a benefit to all plan participants who will receive the coverage for which they reasonably believed they bargained.

Fifth, the relative merits of the parties' positions weighs in favor of an award of attorney's fees. LINA attempts to reargue the summary judgment motion, but this Court has already held that Plaintiff was entitled to summary judgment. Even after the Court ordered LINA to apply the <u>Wickman</u> standard in an individualized fashion, LINA continued to employ a per se rule against awarding benefits for driving-while-intoxicated deaths. Although the claims of Plaintiff's two minor children were dismissed, this had no effect on the total amount of the award and did not take away from the merit of Plaintiff's own claim. Plaintiff recovered the full amount of damages that she sought and was entirely successful in proving that LINA violated ERISA in denying her claim.

**C.     Reasonable Amount of Attorneys' Fees and Costs to Be Awarded**

The lodestar method is the appropriate approach for the determining the amount of reasonable attorney fees to be awarded in this case. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1983). Under the lodestar method, the Court determines "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Id.</u> at 433.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Id. at 437. "Plaintiff's counsel . . . is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." Id. at 437 n.12.

### 1. Reasonable Hourly Rate

LINA raises no objection to the hourly rates charged by Plaintiff's attorneys. The Court concludes that the hourly rates charged were reasonable.

### 2. Reasonably Expended Hours

LINA raises a number of objections to the amount of attorney's fees and costs. The Court has carefully reviewed Plaintiff's counsel's billing records and LINA's objections. The Court is intimately familiar with this case. The Court makes the following rulings regarding the amount of fees and costs requested:

#### a. Total Amount of Hours Expended

LINA argues that, overall, Plaintiff's counsel spent too much time on this case. It argues that this was a simple case with a basic complaint. This was not a simple ERISA case. The parties submitted two separate pairs of cross motions for summary judgment over a period of several years. The issue raised has not been

9

squarely addressed by the Eighth Circuit, and the case law in this area has evolved significantly during the pendency of this case.  The case was remanded for further administrative proceedings, during which <u>both</u> parties engaged experts and supplemented the factual record in this case.  The Court concludes that this matter was complex and time consuming.  Plaintiff's counsel submitted excellent work that led to a successful result.  The overall hours spent are not unreasonable.

LINA specifically complains of the amount of time that Plaintiff's counsel expended on legal research and preparing the Complaint in this case.  While counsel spent a substantial amount of time on research, this case presented a complex legal issue.  When Plaintiff first filed her Complaint and briefed and argued the first set of cross-summary-judgment motions, no Courts of Appeals had issued opinions that directly held deaths caused by driving while intoxicated to be accidents.  Almost all federal courts had held that drunk driving deaths were not accidents.  There was considerable out-of-circuit precedent in LINA's favor, and Plaintiff's counsel employed creativity and tenacity to argue their point.  (After this Court's October 29, 2009  remand order, two courts of appeals did issue opinions upholding drunk driving deaths as accidents.)  The Court

concludes that the substantial hours expended on research and drafting a complaint, given the inhospitable legal climate at the time this action was commenced and the overall complexity of this case, were reasonable.

### b. Allegedly Vague, Redundant, Excessive, or Clerical Entries

LINA argues that Plaintiff's counsel's billing entries are vague, duplicative, excessive, and redundant. It further argues that clerical or secretarial tasks are included in the billing entries.

The Court has carefully reviewed Plaintiff's counsel's billing records. It does not find the entries to be overly vague. The Court has been able to discern the content of each entry in order to determine whether the time expended was reasonable and to disallow particular entries when necessary.

The Court has found a few instances of purely clerical tasks billed by attorneys. Therefore, the Court will deduct attorney's fees charged for filing or serving documents and for one instance of preparing a letter to the Court enclosing courtesy copies. Because some of these tasks are included in a list of task for one block of billed time, the Court will use the February 22, 2010 entry of .30 hours for filing and serving the Second Amended Complaint to estimate that

the task of service and filing took Plaintiff's counsel .30 hours in each instance. Therefore, the Court will deduct .30 hours from each of the six time entries mentioning filing, serving, or sending courtesy copies. In total, the Court will deduct $435.

LINA takes issue with the time expended on limited discovery in this case. The Court agrees that discovery is not ordinarily reasonable in an ERISA case in which the facts are undisputed and the administrative record cannot be expanded. However, this is not such a case. The facts of the case were not undisputed. In fact, both parties materially expanded the factual record on remand. Some of these new facts were relied upon in the Court's final summary judgment Order. The Court does not find the time expended on limited discovery to be unreasonable.

LINA next argues that there is substantial duplication among attorneys in this matter. The Court does not find Plaintiff's engagement of multiple attorneys to work on this complex, time-consuming and significant matter to be unreasonable. The active participation of more than one attorney in creating the strategy for this unique case and preparing the extensive briefing was not unnecessarily duplicative. Although Defendant's own attorney's fees incurred is

not a relevant factor in this Court's determination of the appropriate amount of attorney's fees incurred by Plaintiff, the Court does note that it is disingenuous for Defendant to protest the attendance of more than one Plaintiff's attorney at the two substantial oral arguments on cross summary judgment motions, when the record reflects that Defendant also believed it necessary to have more than one attorney in attendance at these same hearings. However, the Court does conclude that it was unnecessary to have two attorneys attend the pretrial scheduling conference, where scheduling, not complex legal issues, were discussed. The Court will deduct two hours – $650 – for the time billed by the second attorney to attend the December 22, 2008 pretrial scheduling conference.

### c. Work Spent at the Administrative Level

LINA argues that Plaintiff's counsel should not be permitted to recovery any attorney's fees incurred during administrative proceedings. LINA is correct that recovery is not permitted for pre-litigation administrative proceedings. Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1011 (8th Cir. 2004). Therefore, the four time entries related to work incurred before LINA issued its final claims decision on June 23, 2008 are not recoverable. These entries total 12.3 hours and $2,540.50.

However, the Court will not strike the work done by counsel following this Court's remand on October 29, 2009. "Where the administrative proceedings are ordered by the district court and where that court retains jurisdiction over the action during the pendency of the administrative proceedings, we hold that ERISA authorizes the award of associated costs." Rote v. Titan Tire Corp., 611 F.3d 960, 965 (8th Cir. 2010) (quoting Peterson v. Cont'l Cas. Co., 282 F.3d 112, 122 (2d Cir. 2002)). In this case, the Court remanded this matter for further administrative proceedings because LINA – not Plaintiff – had failed to follow ERISA's dictates. The Court retained jurisdiction during the pendency of the administrative proceedings. Therefore, recovery of fees for work done during remand is appropriate.

### d. Westlaw Charges

The Court concludes that the amount of money spent on computer-aided research increased counsel's efficiency, lowering the amount of hours spent on legal research. See Haroco v. Am. Nat'l Bank & Trust Co. of Chicago, 38 F.3d 1429, 1440-41 (7th Cir. 1994) ("The added cost of computerized research is normally matched with a corresponding reduction in the amount of time an attorney must spend researching."). However, the Court cannot award these

14

costs to Plaintiff, either as costs or attorney fees. The Eighth Circuit has held that "computer-aided research, like any other form of legal research, is a component of attorneys' fees and cannot be independently taxed as an item of cost in addition to the attorneys' fee award." Leftwich v. Harris-Stowe State Coll., 702 F.2d 686, 695 (8th Cir. 1983). "[T]he law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award." Standley v. Chilhowee R-IV Sch. Dist., 5 F.3d 319, 325 (8th Cir. 1993) (footnote omitted). But see Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1258 (9th Cir. 2006) ("No other circuit has endorsed [the Eighth Circuit's] view, and many have expressly held that computerized research costs can, in appropriate circumstances, be recovered in addition to the hourly rates of attorneys.") (citations omitted). Thus, the Court cannot award the $14,208.98 spent on Westlaw research as costs or additional fees.

    e.  **Expert Witness Fees**

  LINA argues that Plaintiff should not be permitted to recover the expert witness fees paid to Lowell C. Van Berkom. The Court agrees that, under ERISA's fee-shifting statute, the Court cannot shift expert witness fees, either as

fees or costs, except to the extent allowed by 28 U.S.C. §§ 1821, 1920.  See, e.g., Agredano v. Mutual of Omaha Cos., 75 F.3d 541, 542 (9th Cir. 1996); Holland v. Valhi Inc., 22 F.3d 968, 979-80 (10th Cir. 1994); Grimm v. Central Landscaping, Inc., Civil No. 07-3215 (JNE/SRN), 2008 WL 3896270, at *1 (D. Minn. Aug. 19, 2008).  Plaintiff does not rely on §§ 1821 or 1920 for her expert witness fee request.  Therefore, the Court will not award to $3,750.00 in costs attributed to payment of Van Berkom.

### f. Fees Related to Plaintiff's Fee Motion

Finally, LINA generally argues that the time Plaintiff's counsel spent drafting the motion for attorney's fees should be reduced, although it offers no specific argument as to the proper amount of time that should be spent on such a motion.  The Court concludes that the amount of time expended was not excessive.

### g. Total Award of Fees and Costs

Given the Court's above rulings, the Court awards $134,088.50 in attorney's fees and $1,134.57 in costs to Plaintiff.

### V. PREJUDGMENT INTEREST

The decision of whether to award prejudgment interest under ERISA is

within the Court's discretion.  Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1330 (8th Cir. 1995).  Here, LINA has kept the death benefit to which Plaintiff is entitled for a number of years.  In violation of ERISA, the widowed beneficiary has not had access to her rightful benefit, while the fiduciary insurance company has had access to this money for its own benefit.  Prejudgment interest is warranted in this case in order to ensure that Plaintiff obtains appropriate equitable relief and is made whole.  See id. at 1330-31.  There are no "exceptional circumstances that would made the award of prejudgment interest inequitable." Id. at 1331.

LINA received written notice of Plaintiff's claim on November 19, 2007.  Under the terms of the Plan, payment was due immediately upon written notice of the proof of loss.  Judgment was entered on September 30, 2010.  Plaintiff asserts, and Defendant does not dispute, that the interest for that time period, as set forth under 28 U.S.C. § 1961, is 3.58% per year.  Therefore, the Court awards Plaintiff $26,384.11 in prejudgment interest for the period of 2 years and 346 days.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Strike Defendant LINA's Memorandum of Law

in Opposition to Plaintiff's Motion for Attorney's Fees and Costs [Docket No. 104] is **DENIED**.

2. Plaintiff's Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. § 1132(g)(1) [Docket No. 92] is **GRANTED** as follows:

   a. Plaintiff is awarded $134,088.50 in reasonable attorney's fees.

   b. Plaintiff is awarded $1,134.57 in reasonable costs.

   c. Plaintiff is awarded $26,384.11 in prejudgment interest.

Dated: January 5, 2011

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court